IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY J. SAMUEL,
    Plaintiff,

vs.                                    Case No.: 3:12cv218/RV/EMT

OFFICER JOHNSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate, proceeds pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. On November 27, 2013, the undersigned issued a Report and Recommendation to the district court recommending that Defendants' motion for summary judgment on Plaintiff's excessive force claim be denied (doc. 76). That Report and Recommendation is still pending. The case is now before the undersigned upon referral by the district court to consider and enter a Report and Recommendation on Plaintiff's Request for Appointment of Counsel (*see* docs. 78, 79).[1]

      It is well established that "[a] civil litigant . . . has no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Title 28 of the United States Code, Section 1915(e)(1)[2] provides for the appointment of counsel for an indigent civil rights plaintiff; however, the court has broad discretion in making the decision whether to appoint counsel. *See* Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir. 1999). Appointment of counsel is a privilege that is justified only by "exceptional circumstances." Poole, 819 F.2d at 1028; *see also* Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (the district court "should appoint counsel only in exceptional circumstances."). "The key is whether the pro se litigant needs help in presenting the

---

[1] This court has elected to act on the motion even though the fourteen-day response period has not yet elapsed. If Defendants wish to voice disagreement with the court's instant Report and Recommendation, they will have the opportunity to do so by filing a timely objection.

[2] Section 1915(e)(1), states that "[t]he court may request an attorney to represent any person unable to afford counsel."

essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

The Eleventh Circuit has looked to the factors outlined in Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982) for guidance in determining if exceptional circumstances warrant appointment of counsel. *See* Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013); *see also, e.g.*, Neal v. Cassiday, No. 09-12601, 2013 WL 764778, at *1 (11th Cir. Mar. 1, 2013). Those factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *See* Ulmer, 691 F.2d at 213 (cited with approval in Smith, *supra*, Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990), and Neal, *supra*).

In the instant case, Plaintiff alleges in support of his motion that: (1) he cannot afford to hire an attorney; (2) he is an "SLD [presumably, specific learning disabilities] and mental health person [sic]" and "cannot spell good and write read [sic]"; (3) he needs help investigating his case, which presents complex legal issues; and (4) he needs "help with testimony" and he "cannot get that help [due] to CM [close management] and [he] need[s] help [with] cross-examination and tr[ia]l" (doc. 78 at 1). Attached to the motion is Plaintiff's affidavit, which, without correction, states:

> I write this swear statement that I have wrote this motion for appointment counsel is true and that I had a inmate fill all of my 1983 motion for me that I need help with this case and trail and Everything and summary judgment and testimony and cross examination and that I was in SLD clases and a mental health person and that it hard to get help on CM and it hard to get a jail house lawyer and some one had fill my summary judgment and help me with it I cannot get the help I need for the law clerk on CM it hard to go to the law library this is true as it write and this is right as it write.

(doc. 78 at 2–3).

Here, neither the type nor complexity of this excessive force case points to the need for the appointment of trial counsel. Consideration of the other relevant factors, however, supports granting Plaintiff's motion based on the existence of exceptional circumstances. The documents which appear to have been drafted by Plaintiff himself rather than by others (*see, e.g.,* docs. 10, 29, 62, 72, 74, 78), suggest that Plaintiff has extremely limited communication skills. Additionally, Plaintiff is assigned to close management and appears to have a limited education and some mental

limitations.  Based on this information, it seems highly doubtful that Plaintiff is capable of adequately investigating, preparing for, or presenting his case at trial.  Moreover, the evidence to be presented in the trial of this case in large part likely will consist of conflicting testimony.  In short, it appears that Plaintiff will need help at trial in presenting the essential merits of his position.  Kilgo, 983 F.2d at 193.  Accordingly, should the district court accept the pending Report and Recommendation which recommends denying Defendants' motion for summary judgment on Plaintiff's excessive force claim, the undersigned additionally recommends that Plaintiff's motion for appointment of counsel be granted.

If the district court accepts the instant recommendation, in an effort to locate an attorney willing to take Plaintiff's case, the undersigned will notify members of the court's bar that Plaintiff desires pro bono legal representation.  Additionally, a request for pro bono counsel in this case will be made through the court's Electronic Case Filing System.  Plaintiff should be aware, however, that the Supreme Court has instructed that § 1915(e)(1) "does not require an attorney, once requested, to accept."  Smith v. Secretary for Dep't of Corrections, 252 F. App'x 301, 305 n.3, 2007 WL 3089531 (11th Cir. 2007), citing Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301–08, 109 S. Ct. 1814, 1818–22, 104 L. Ed. 2d 318 (1989).  Thus, even if the district court grants Plaintiff's motion for the appointment of counsel, an attorney willing to take Plaintiff's case must step forward voluntarily; the court cannot force an unwilling attorney to assist Plaintiff in the prosecution of this civil rights action.  See Colbert v. Rickmon, 747 F. Supp. 518, 519–20 (W.D. Ark. 1990).  In other words, if no attorney agrees to take Plaintiff's case, Plaintiff may have no other option but to continue to proceed pro se.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for appointment of counsel (doc. 78) be **GRANTED**.
2. That this matter be referred to the undersigned for further action.

At Pensacola, Florida, this 18th day of December 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**