IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY J. SAMUEL,
    Plaintiff,

vs.                                  Case No.:  3:12cv218/RV/EMT

OFFICER JOHNSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court on the parties' "Joint Motion for Dismissal with Prejudice" (doc. 84).  The parties advise that they "have amicably settled this case, the settlement terms and conditions were satisfied, and no controversy exists.  Accordingly, the parties jointly agree that this case should be dismissed with prejudice . . . ." (*id.* at 1).

       Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated, the dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Here, the "Joint Motion for Dismissal with Prejudice" is signed by Plaintiff and counsel for both Defendants.  Thus the parties should be entitled to dismissal of this action with prejudice under Rule 41(a)(1)(A)(ii).

       Accordingly, it is respectfully **RECOMMENDED**:

       That the parties' "Joint Motion for Dismissal With Prejudice" (doc. 84) be **GRANTED** and this action be **DISMISSED with prejudice**.

       At Pensacola, Florida, this 10th day of March 2014.

                                /s/ *Elizabeth M. Timothy*
                                **ELIZABETH M. TIMOTHY**
                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**